USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/1/2023_

**MEMO ENDORSED**

**<u>Memorandum Endorsement</u>**
*United States v. David Zayas*
7:22-cr-178-NSR-1

The Court has reviewed Defendant David Zayas' ("Defendant") attached letter motion for a modification of the conditions of Defendant's pretrial release (ECF No. 29), Defendant's earlier letter motion for a modification of these conditions (ECF No. 26), and the Government's opposition to Defendant's attached letter motion (ECF No. 30).

The Court DENIES Defendant's application for a modification of the conditions of his pretrial release, in light of Defendant's prior narcotics-related conviction as well as the alleged circumstances of the current crime with which he is charged; the alleged circumstances include the transport of narcotics and weapons, purportedly stored in secret compartments of the vehicle he was operating, across several states, with the intent to distribute such narcotics.

The Clerk of the Court is kindly directed to terminate the motions at ECF Nos. 26 and 29.

Dated: March 1, 2023
        White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

# Federal Defenders
O F   N E W   Y O R K ,   I N C .

Southern District
81 Main Street, Suite 300
White Plains, N.Y. 10601-4150
Tel: (914) 428-7124  Fax: (914) 948-5109

David E. Patton
*Executive Director*
*and Attorney-in-Chief*

*Southern District of New York*
*Jennifer L. Brown*
*Attorney-in-Charge*

February 28, 2023

The Honorable Nelson S. Román
United States District Court Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:     **United States v. David Zayas**
        **22 CR 178 (NSR)**

Dear Honorable Román:

I am writing to ask that the terms of Mr. Zayas's release be modified to allow
Mr. Zayas to travel to Connecticut for work-related purposes.  As background, Mr.
Zayas recently obtained his CDL license and has been offered a job at Polar
Beverages.[1]  This job requires that Mr. Zayas be able to deliver beverages in
Connecticut and Massachusetts, where Mr. Zayas lives.[2]  Under the current terms
of Mr. Zayas's release, he is allowed to work in Massachusetts but, as referenced
above, this job requires that he be able to travel to Connecticut.  As such, I am
writing to ask that the Court modify the terms of Mr. Zayas's release to allow him
to travel to Connecticut for work related purposes.

I have communicated with AUSA Josiah Pertz, and he – citing the nature
and facts of this case – objects to this request.  I have also spoken with PreTrial
Services Officer Andrew Abbott and Pretrial does not object to this request and
notes that Mr. Zayas has been in compliance with the terms of his release for nearly
a year.  Mr. Abbott did note, however, that individuals subjected to home detention
are not allowed to work as delivery drivers.  As such, Mr. Abbott indicated that in
order to allow Mr. Zayas to perform this job the Court would need to remove the
"home detention" component of Mr. Zayas's release.  Previously – specifically on

---

[1] I have provided documentation regarding Mr. Zayas's CDL license and the job
offer to both Pretrial and the Government.

[2] Mr. Zayas would still reside in Massachusetts, the only modification I am
requesting here is to allow Mr. Zayas to travel to Connecticut (he lives near the
border) while working for Polar Beverages.  This would not involve overnight stays
in Connecticut.

December 21, 2022 – I motioned the Court to remove this "home detention" requirement.  This motion was unopposed: both Pretrial and the Government had no objection to the removal of "home detention."  *See* ECF # 26 (attached as Exhibit A).  As such, and in light of Mr. Zayas's continued compliance with the terms of his release, I am also writing to renew my request that the terms of Mr. Zayas's release be modified so that he is no longer subjected to home detention enforced by location monitoring.  *Id.*[3]

Thank you for your consideration of this request.

Sincerely,

/s/

Benjamin Gold
Assistant Federal Defender

cc:    AUSA Timothy Joisha Pertz
       Supervisory U.S. Probation Officer Ben Miller
       Pretrial Officer Andrew Abbott

---

[3] Alternatively, if the Court would prefer that Mr. Zayas be subjected to some form of electronic monitoring, I ask that Mr. Zayas's release status be changed to a curfew because my understanding from speaking to Mr. Abbott is that Mr. Zayas could work as a delivery driver while being subjected to a curfew enforced by electronic monitoring.  As of today's date, Mr. Zayas does not yet know his hours, so I am not able to propose specific hours of a potential curfew.  If the Court is inclined to order a curfew, I ask that the Court order a curfew "as directed by Pretrial Services" so that Pretrial can accommodate Mr. Zayas's work schedule.

# Exhibit A

# Federal Defenders
## OF NEW YORK, INC.

Southern District
81 Main Street, Suite 300
White Plains, N.Y. 10601-4150
Tel: (914) 428-7124  Fax: (914) 948-5109

David E. Patton
*Executive Director*
*and Attorney-in-Chief*

*Southern District of New York*
*Jennifer L. Brown*
*Attorney-in-Charge*

December 21, 2022

The Honorable Nelson S. Román
United States District Court Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:    **United States v. David Zayas**
             **22 CR 178 (NSR)**

Dear Honorable Román:

     I am writing to supplement and to renew my previous request that Your Honor modify the terms of Mr. Zayas's release to remove the requirement that Mr. Zayas be subjected to home detention that is enforced by electronic monitoring.  As background, on November 30, 2022, I submitted a motion asking that Mr. Zayas no longer be subjected to home detention.  *See* Docket Entry 24 (Exhibit A).  In that submission, I explained that Mr. Zayas has been fully compliant with the terms of his release, and I detailed how the officer who monitors Mr. Zayas had reached out to me and AUSA Josiah Pertz to recommend that Mr. Zayas no longer be subjected to home detention enforced by location monitoring.  *Id.*

     As Your Honor is well aware, the Court denied – without prejudice to renew – my November 30, 2022, motion to modify the terms of Mr. Zayas's release.  *See* Dkt. Entry 25.  In the ruling, Your Honor indicated that it would be helpful to know information regarding Mr. Zayas's criminal history.  *Id.*  Attached, please find the original bail report that was prepared by Pretrial Services.  Pretrial Services Report (Exhibit B).[1]  As detailed in the report, Mr. Zayas's criminal history is minimal.  His record consists of a November 20, 2013 narcotics-related conviction from Massachusetts.[2]

---

[1] Because this information contains private and confidential information, I request permission to file this exhibit under seal.

[2] The PSR does include various arrests between 2006 and 2012, but those cases appear to have been dismissed as the Disposition is listed as either "There is no disposition" or "Dismissed."  Pretrial Services Report, P. 4-5.

In addition to the Pretrial Services Report, I would like to note a few things that Probation Officer Benjamin Miller noted about Mr. Zayas. First, in relation to Mr. Zayas's criminal history, Officer Miller stressed that Mr. Zayas "has no default warrants or VOPS." Second, Officer Miller noted that "At the time of his release, the SD/NY Probation Office did not recommend" home detention with electronic monitoring.[3] Third, Officer Miller highlighted that, in his opinion, home detention and electronic monitoring "is not serving any grater purpose to risks of flight/danger than the factors of family, income, [and] ties to the community."

Under these circumstances, and especially in light of the $20,000 in collateral that was posted in relation to Mr. Zayas's release and for the reasons detailed in my November 30, 2022 submission (Exhibit A), I ask that Your Honor please modify the terms of Mr. Zayas's release to remove the obligation that Mr. Zayas be subjected to home detention and electronic monitoring.

I have communicated with AUSA Josiah Pertz, and he has no objection to this request. Additionally, Pretrial Officer Andrew Abbott confirmed that Pretrial has no objection to this request.

Thank you for your consideration of this request.

Sincerely,

/s/

Benjamin Gold
Assistant Federal Defender

cc:  AUSA Timothy Joisha Pertz
Supervisory U.S. Probation Officer Ben Miller
Pretrial Officer Andrew Abbott

---

[3] Officer Miller is based in Massachusetts, where Probation Officers monitor individuals who are under Pre-Trial supervision.

# Exhibit A

# Federal Defenders
O F   N E W   Y O R K , I N C .

Southern District
81 Main Street, Suite 300
White Plains, N.Y. 10601-4150
Tel: (914) 428-7124  Fax: (914) 948-5109

David E. Patton
*Executive Director*
*and Attorney−in−Chief*

*Southern District of New York*
*Jennifer L. Brown*
*Attorney-in-Charge*

November 30, 2022

The Honorable Nelson S. Román
United States District Court Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

   Re: **United States v. David Zayas**
     **22 CR 178 (NSR)**

Dear Honorable Román:

  I am writing to ask that Your Honor modify the terms of Mr. Zayas's release to remove the requirement that Mr. Zayas be subjected to home detention that is enforced by electronic monitoring. As background, Mr. Zayas was arrested on March 11, 2022. He was released that same day pursuant to a $100,000 bond signed by five co-signers and secured with $20,000 in cash. Since his release, Mr. Zayas has been living with his family in Webster, Massachusetts. Mr. Zayas has also been subjected to home detention and electronic monitoring and, as detailed below, has been fully compliant with the terms of his release.

  Last week, Senior U.S. Probation Officer Ben Miller reached out to me and AUSA Josiah Pertz to recommend that Mr. Zayas no longer be subjected to home detention enforced by electronic monitoring. Officer Miller noted that Mr. Zayas has been subjected to these terms for eight months and that Mr. Zayas has "secured or sustained positive aspects in his life to include housing, family, education, employment." Officer Miller noted that Mr. Zayas – who had a valid medical marijuana card prior to his arrest in this case – has "halt[ed] that use and has been sober." Officer Miller added that Mr. Zayas "is always available, compliant, and cooperative." He also noted that he had "met with [Mr. Zayas's] wife and children (minors) numerous times. . . . The wife is employed at a halfway house. She confirms that [Mr. Zayas] is a dedicated father." He also notes that Mr. Zayas "has recently completed CDL classes with the goal of earning income as a truck driver."

  In advocating for the removal of these conditions, Officer Miller noted that Mr. Zayas "has no [prior] default warrants or VOPs" and that at the time of Mr. Zayas's release "the SD/NY Probation Office did not recommend EM". Officer Miller concluded by stating that considering Mr. Zayas's eight months of compliance, "this Office respectfully recommends that Probation's stance on condition continues to

not involve EM.  HD/EM is not serving any greater purpose to risk of flight/danger than the factors of family, income, ties to the community."

   In light of Officer Miller's recommendations, I respectfully request that Mr. Zayas's release conditions be modified to remove the obligation that Mr. Zayas be subjected to home detention and electronic monitoring.  I have communicated with AUSA Josiah Pertz, and he has no objection to this request.

   Thank you for your consideration of this request.

       Sincerely,

       /s/

       Benjamin Gold
       Assistant Federal Defender

cc:  AUSA Timothy Joisha Pertz
   Supervisory U.S. Probation Officer Ben Miller

# Exhibit B
[Filed under Seal]



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street Suite 1100*
*White Plains, New York 10606*

February 28, 2023

**BY ECF**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re:     <u>United States v.  David Zayas, 22 Cr. 178 (NSR)</u>

Dear Judge Román:

   The Government respectfully submits this letter in opposition to Defendant David Zayas's February 28, 2023 motion to modify the conditions of his pretrial release (Dkt. No. 29) ("Zayas's Motion"). Zayas's Motion requests a modification of his conditions of pretrial release, which currently include home detention, so he may drive a delivery truck for a large beverage company between Massachusetts and Connecticut.   While the Government frequently consents to modifications of defendants' travel restrictions for purposes of work or family commitments, the requested modification is inappropriate given the circumstances of this case, which involve allegations that the defendant worked as an interstate delivery driver of weapons and crack cocaine.

   As alleged in the Complaint, and as charged in the Indictment, on or about March 10, 2022, Zayas stashed firearms, crack, ammunition and money in a hidden compartment in his SUV, and transported the contraband from his home state of Massachusetts to New York. In total, Zayas was carrying two semiautomatic pistols loaded with ammunition, an ammunition magazine hidden in a sock, a large capacity 30-round magazine containing additional ammunition, approximately 112 grams of crack cocaine and $34,000 in cash. When he was pulled over by police, Zayas lied about driving to visit his sick aunt as a cover story for his drug and weapons trafficking.  Zayas had made multiple prior short round trips between Massachusetts and New York City in the same vehicle. He has a previous felony conviction for narcotics trafficking, for which he was sentenced to 48 months' imprisonment.  On or about March 11, 2022, Zayas was charged by complaint with possession of crack with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On or about March 22, 2022, a grand jury returned an indictment charging the same offenses.

   In connection with his suppression motion (Dkt. No. 15), Zayas submitted an affidavit claiming that he was following all traffic laws when he was pulled over. (*See* Dkt. No. 16-1 at ¶ 4.)  At the upcoming motion hearing, the Government plans to introduce evidence contradicting that assertion, including not only testimony by the arresting police officer that the defendant was

speeding and had changed lanes without signaling, but also text messages from the defendant's phone, sent not long before the traffic stop, suggesting that he was texting and driving.

Given the circumstances, allowing the defendant to regularly drive a large commercial vehicle interstate would jeopardize community safety. The Government does not oppose lifting the home detention requirement in connection with different employment.

Accordingly, Zayas's Motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

by:  /s/ T. Josiah Pertz
     T. Josiah Pertz
     Assistant United States Attorney
     (914) 993-1966